UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALUCIOUS QUINTE KIZER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-392-PPS-JEM |
| JOHN KITCH, | |
| Defendant. | |

OPINION AND ORDER

Alucious Quinte Kizer, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 6.) As required by 28 U.S.C. § 1915A, I must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Kizer is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Kizer is incarcerated at Indiana State Prison. Public records reflect that he is presently serving a 20-year sentence imposed in 2023 for drug offenses.[1] *State v. Kizer*, 02D04-2109-F2-00042 (Allen Sup. Ct. closed Jan. 19, 2023.) He sues his public defender, John Kitch, who represented him in the state criminal proceeding. As best as can be discerned, he claims counsel failed to turn over records to him and thus prevented him from having his conviction overturned on direct appeal. He seeks $3 million in damages and other relief.

As a preliminary matter, public records reflect that Kitch passed away in 2024. *See* https://courtapps.in.gov/rollofattorneys/attorney/558a639b-0eb7-e011-9d34-02215e942453?FirstName=john&LastName=kitch&OrderBy=0&Page=1 (last visited Aug. 27, 2025). Kizer cannot sue someone who is deceased. *See* FED. R. CIV. P. 25(a)(1); *Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008).

Even if Kizer followed the proper procedure for naming a successor defendant, a public defender is not a "state actor" who can be sued for constitutional violations. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Additionally, Kizer cannot use a federal civil rights suit to have his state conviction overturned (to the extent he is trying to do so), *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973), nor can he pursue a claim for damages in this civil suit based on a theory that his outstanding conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory

---

[1] I am permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

2

that implies that his conviction was invalid without first getting the conviction set aside").

Kizer may have some remedy in state court if he believes counsel failed to turn over records to him or otherwise provided him with ineffective assistance. In fact, the docket in the state criminal case reflects that the court recently granted Kizer's request for turnover of records and forwarded it to the public defender's office. *Kizer*, No. 02D04-2109-F2-000042 (docket entry June 26, 2025). However, he has not stated a plausible constitutional claim against Kitch based on these facts.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). But "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted).

Kizer was already granted leave to amend his complaint once. (ECF 1, 4.) Although his amended complaint is clearer than the original, it is substantively the same regarding the claim he asserts against Kitch. There is no basis to conclude that if given another opportunity, Kizer could assert a viable constitutional claim against his public defender based on the circumstances he has described. Therefore, it would be futile to permit him to amend again.

For these reasons, this action is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

SO ORDERED:

ENTERED:  September 3, 2025.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**